THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWIN H. VELLA, Appellant

564

Christ, Acting P. J., Brennan, Benjamin and Munder, JJ., concur; Hopkins, J. dissents and votes to reverse the judgment and to direct a new trial, with the following memorandum: An interrogation of an accused in the absence of counsel after a criminal proceeding has been commenced is forbidden and an inculpatory statement obtained as an outcome of the interrogation may not be received in evidence against the accused (*People* v. *Meyer,* 11 N Y 2d 162, 164; *People* v. *Rodriguez,* 11 N Y 2d 279, 284). However, the right to counsel may be waived (*People* v. *Bodie,* 16 N Y 2d 275, 279). In addition, an incriminating statement made after the commencement of one criminal proceeding may be used in the prosecution of a second criminal proceeding not then begun (*People* v. *Stanley,* 15 N Y 2d 30, 32–33), providing that the first proceeding was not a device for holding the defendant in the investigation leading to the second proceeding (*People* v. *Robinson,* 13 N Y 2d 296, 301; *People* v. *Davis,* 13 N Y 2d 690). It is against these rules that the facts here must be viewed. Though the crimes of burglary and criminally receiving stolen goods are distinct (*People* v. *Vitolo,* 271 App. Div. 959; *People* v. *Negrin,* 24 Misc 2d 181), yet they are related, and the crime of criminally receiving stolen goods is "but a variation of the crime of larceny" (*People* v. *Le Brantz,* 272 App. Div. 730, 732). Here, it is beyond dispute that the charge in the City of New York and the charge in Suffolk County arose from the same act; the statement obtained from defendant could consequently be used in either prosecution, depending on whether its contents implicated him as a burglar or as a receiver. The effective assistance of counsel is a constitutional right of an accused; and that right was violated when defendant was questioned in the absence of counsel under the circumstances of this case. The statement was admitted after a finding by the court that defendant, prior to interrogation, had been asked whether he wished counsel and had answered that he did not. But at the time the interrogation began, the investigators knew that he was represented by counsel, for they had been present in court when counsel had been assigned to him. To question him thereafter in the absence of counsel was impermissible; the prosecution may not extract damaging admissions from one represented by counsel without notice to counsel that the interrogation will proceed (*Massiah* v. *United States,* 377 U. S. 201, 205; *People* v. *Friedlander,* 16 N Y 2d 248, 251; *People* v. *Di Biasi,* 7 N Y 2d 544, 550–551, 552; *People* v. *Swanson,* 18 A D 2d 832). It stands as a contradiction to say that defendant had waived counsel, when at the same time the authorities who assert the right to use a statement on the ground of such a waiver were fully aware that defendant had previously asked for and received the aid of counsel. The actions of the authorities in obtaining the statement take on the aspect of a contrivance or pretext for further investigation under these circumstances; I see no material difference between the occurrences here and the facts in the cases where the pretext was said not to sanction the use of a subsequent statement (*People* v. *Robinson,* 13 N Y 2d 296, 301, *supra; People* v. *Davis,* 13 N Y 2d 690, *supra*). In my opinion, the statement could not be used against defendant at the trial for these reasons and the judgment should be reversed and a new trial directed.